# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| **PLAINTIFF** | ) **Criminal Action No. 1:25cr-00061-GNS** |
| v. | ) CHIEF JUDGE GREG N. STIVERS |
|  | ) |
| DECARLO M. COX | ) |
|  | ) |
| **DEFENDANT** | ) |
|  | ) |

_____

## ARRAIGNMENT ORDER
## RECIPROCAL ORDER OF DISCOVERY

The above-styled case came before the Honorable Brent Brennenstuhl, United States Magistrate Judge, from Bowling Green, and was called in open Court on November 18, 2025, for the purposes of an initial appearance and arraignment. The Defendant, Decarlo M. Cox, was present, in person. Assistant United States Attorney Mark J. Yurchisin, II, was present for the United States of America. These proceedings were digitally recorded.

The Defendant did not acknowledge having received a copy of the Indictment nor an understanding of the charges against him. The Court conducted a formal reading of the Indictment. The Defendant was advised of his Constitutional rights, including the right to Court-appointed counsel. Assistant Federal Defender Aaron M. Dyke was available in anticipation of appointment. The Defendant advised he did not wish to have Court-appointed counsel as he will be representing himself in these matters. The Court advised the Defendant of the potential consequences of proceeding without counsel in a criminal matter.

As to the matter of arraignment, the Defendant did not acknowledge his identity as the Defendant but as the representative for Decarlo M. Cox. Defendant would not acknowledge that he had received a copy of the Indictment, including the Penalties Page and refused to acknowledge that he understood the nature of the charges associated therewith.

The Defendant having refused to enter a plea to the charges in the Two-Count Indictment, the Court entered a plea of **NOT GUILTY** on Defendant's behalf.

**IT IS ORDERED** that a telephonic further proceedings hearing shall be conducted before Judge Greg N. Stivers on **December 10, 2025, commencing at 10:00 am, CST.**

**IT IS FURTHER ORDERED** that the parties proceed to give reciprocal discovery pursuant to the provisions of Rule 16, Federal Rules of Criminal Procedure, and Title 18, United States Code. Section 3500, Jencks Act, subject to the limitations and conditions set forth therein, and including, not by way of limitation, the following:

### The United States

Within seven (7) days after entry hereof, the United States Attorney and the defense counsel shall confer and, upon request, the United States shall permit the Defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence may become known to the United States Attorney;

2. The substance of any oral statement, which the United States intends to offer in evidence at the trial, made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a Government agent;

3. Recorded testimony of the Defendant before a Federal Grand Jury which relates to the offense charged;

4. Books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody or control of the United States and which the United States intends to introduce as evidence-in-chief at the trial of this case;

5. Results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States Attorney and which the United States intends to introduce as evidence-in-chief at the trial of this case;

6. Copy of the prior criminal record of the Defendant, if any, that is within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States; and,

7. Any tape recording made by Government agents of any conversation with the Defendant.

### The Defendant

The Defendant shall likewise provide to the United Sates within seven (7) days after entry hereof the following information for the purposes of inspection, examination and photocopying:

1. All books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within the possession, custody or control of the Defendant and which the Defendant intents to introduce as evidence-in-chief at the trial; and,

2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the Defendant, which the Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom the Defendant intends to call at trial when the results or reports relate to his testimony.

If, in the judgment of the United States Attorney, it would not be in the interest of justice to make any one or more disclosures set forth above and requested by defense

counsel, the disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and shall specify the types of disclosure that are declined. If the Defendant seeks to challenge the declination, or if additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate United States Attorney with a view of satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

As to the matter of detention, counsel for the United States advised the United States is seeking detention in this matter as it is a presumption case.

**IT IS ORDERED** a detention hearing shall be conducted on **Friday, November 21, 2025, at 10:00 am, CST**. The detention hearing shall be conducted before Magistrate Judge Brennenstuhl at the United States Courthouse, Bowling Green, Kentucky.

**IT IS ORDERED** the Defendant is remanded to the custody of the United States Marshal Service pending the detention hearing.

Pursuant to the Order entered at DN 5, the Defendant having been brought before the Court and remanded to the custody of the United States Marshal Service,

**IT IS ORDERED** this case, including the Indictment, shall be **UNSEALED.**

ENTERED this  November 20, 2025

H. Brent Brennenstuhl
**United States Magistrate Judge**

Copies to:    Counsel of Record
              US Marshal Service-BG
              US Probation-BG
              Traci Duff, Case Manager

0|12

4