**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                        CRIMINAL ACTION NO. 1:25-CR-00061-GNS

DECARLO M. COX                                                    DEFENDANT

**UNITED STATES' CONSOLIDATED RESPONSE TO DEFENDANT'S *PRO SE***
**MOTIONS [DN 26, 29, 30]**
**-Electronically Filed-**

This matter is before the Court upon the Defendant's *pro se* motions to dismiss the indictment (DN 26), motion to stay prosecution (DN 29), and motion challenging the selection of the grand jury (DN 30).[1] For the following reasons the Court should deny all the Defendant's motions.

**Procedural Background**

In November 2025, a federal grand jury returned a two-count indictment against the Defendant charging him with violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) (DN 1). Included in the Indictment was a notice of prior conviction putting the Defendant on notice that he could be subjected to additional penalties upon conviction.

The Defendant made his initial appearance on November 18, 2025. At his initial appearance the Defendant would not acknowledge receipt of the indictment, refused appointment of counsel, would not acknowledge his identity, and refused to enter any plea to the charges (DN

---

1 The United States would note that none of these documents was styled as a Motion pursuant to the Federal Rules of Criminal Procedure. To the extent the Court considers any of the Defendant's additional *pro se* filings as separate motions, the United States requests additional time to respond those.

8, at 25-26). The Defendant later appeared for a detention hearing and waived his right to that hearing after reviewing the pretrial report (DN 12).

The Defendant made his first appearance before the District Judge in December 2025. At that hearing the Court appointed stand-by counsel to assist with production of discovery and to allow the Defendant time to consider appointment of counsel (DN 14). In January 2026, and at the Defendant's request, counsel was formally appointed to represent him (DN 20). Another hearing was scheduled for February 9, 2026.

At the Defendant's next hearing the Court was advised that plea negotiations were ongoing, and the parties requested an additional status conference on March 16, 2026 (DN 22). On March 12, 2026, the parties notified the Court that the upcoming hearing could be converted to a change of plea hearing (DN 23). No plea was entered on March 16th though, and the Defendant asked to remove appointed counsel and proceed *pro se*. Despite his initial request, and following an *ex parte* hearing, the Defendant continued with retained counsel and requested another status conference on March 26, 2026 (DN 25).

The morning of March 26, 2026, the Defendant filed a *pro se* motion to dismiss the indictment (DN 26). The Defendant also declined appointed counsel and elected to represent himself (DN 27). Following that hearing the Defendant filed several more *pro se* motions including a motion to stay prosecution (DN 29), and a motion challenging the empanelment of the grand jury (DN 30). A superseding indictment was issued by a federal grand jury charging the Defendant with new offenses (DN 31). The Defendant has yet to make his initial appearance on those new charges.

<u>**Argument**</u>

**1. The Court must deny the Defendant's motion to dismiss the original indictment.**

The Defendant alleges that his original indictment should be dismissed because he was not previously convicted of a "methamphetamine" offense as referenced in the 851 notice of the Indictment (DN 26, at 53-54). He does not deny that he was previously convicted of trafficking in a controlled substance (<u>Id</u>).

First, the Defendant has now been charged in a superseding indictment (DN 31). This superseding indictment includes new charges and additional notices of prior convictions for which the Defendant will have to answer. Therefore, his motion is moot and must be denied. <u>See</u> <u>e.g.</u> <u>United States v. Beasley</u>, 2014 WL 1870796, at *2 (E.D. Mich. 2014) (holding that return of a seventh superseding indictment by a new grand jury rendered the defendants' motions to dismiss a previous indictment moot).

Second, the Defendant's basis for dismissal relates to a typographical error in the notice of prior convictions in his original indictment. This is not even a criminal charge, but rather a notice required under 21 U.S.C. § 851 informing the Defendant that, if convicted of the substantive offenses, he may face enhanced penalties. However, at sentencing is when the Court would have to find that the Defendant's prior convictions legally qualify for 851 enhancement. <u>See</u> <u>United States v. Loines</u>, 165 F.4th 475, 482 (6th Cir. 2026); <u>citing</u> <u>Erlinger v. United States</u>, 602 U.S. 821, 837 (2024). Therefore, there is no prejudice caused by any error in the notice of prior convictions section of the original indictment.

Finally, the Defendant's argument that his notice of prior convictions included an error is a factual argument. When a charging body "finds probable cause to believe that a crime has been

committed within its jurisdiction, that finding is sufficient to require a trial." <u>United States v. Short</u>, 671 F.2d 178, 183 (6th Cir. 1982). The prosecution must produce evidence at trial to prove each element of the offense beyond a reasonable doubt. "However, the prosecution's evidence is tested *at trial*, not in a preliminary proceeding." <u>Id.</u> (emphasis added). As such, the Court's sole "task in considering the motion to dismiss is to determine whether the allegations of the indictment, when accepted as true, are legally sufficient to state an offense." <u>United States v. Higgins</u>, 511 F. Supp. 453, 454 (W.D. Ky. 1981); <u>citing</u> <u>United States v. Sampson</u>, 371 U.S. 75, 78–79 (1963); <u>see</u> <u>also</u> <u>United States v. Luros</u>, 243 F. Supp. 160, 165 (N.D. Iowa 1965) ("A motion to dismiss the indictment is not a device for a summary trial of the evidence.").

Here, the Defendant's argument relates to a typographical error in the original indictment. Had the matter proceeded to trial on the original indictment, the United States would have to prove the elements of the offenses listed in the original indictment, including the factual allegations of the 851 notice, to a jury. <u>See</u> <u>United States v. Fields</u>, 53 F.4th 1027, 1036 (6th Cir. 2022). The Defendant's arguments regarding any error in the indictment could be made to the jury as a defense. However, "[i]t would run counter to the whole history of the grand jury institution to permit an indictment to be challenged on the ground that there was inadequate or incompetent evidence before the grand jury." <u>United States v. Williams</u>, 504 U.S. 36, 54–55 (1992); <u>citing</u> <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956). Furthermore, "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment." <u>Id.</u>; <u>citing</u> <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 261 (1988).

Therefore, because the information in the original Indictment is "legally sufficient to state an offense," the Defendant's motion must be denied as a matter of law. United States v. Short, 671 F.2d 178, 183 (6th Cir. 1982).

2. **Defendant's motion to stay prosecution must be denied because the United States may seek a superseding indictment at any time.**

The Defendant's next motion alleges that the Court should stay his prosecution and prevent issuance of a superseding indictment (DN 29). It is well settled that the United States may seek a superseding indictment at any point before trial. United States v. Carpenter, 2022 WL 608176, at *2 (W.D. Ky. 2022); citing United States v. Johnson, 299 F.Supp.3d 909, 926 (M.D. Tenn. 2018). Furthermore, "clerical errors" in an indictment may be amended or corrected prior to trial. See United States v. Rosenbaum, 628 Fed. Appx. 923, 931 (6th Cir. 2015); United States v. McQuarrie, 2018 WL 1404325, at *1 (E.D. Mich. 2018).

Here, no trial date has been set. Prior to any trial date being set, the United States presented additional aspects of the Defendant's case to a new grand jury. Several additional charges were added as part of the superseding indictment (DN 31). There is nothing inherently improper about presenting new charges to the grand jury when there is probable cause to support the charges. See Carpenter, 2022 WL 608176, at *2; quoting United States v. Wilks, 629 F.2d 669, 672 (10th Cir. 1980). Additionally, the "(methamphetamine)" notation from the 851 notice to which the Defendant was originally objecting has been removed. Another matter the United States was able to address in a superseding indictment. See Carpenter, 2022 WL 608176, at *2.

Furthermore, the United States seeking a superseding indictment in this case can hardly be considered vindictive. As the Court knows, the possibility of a superseding indictment was mentioned on the record during at least two previous status conferences. Some of the evidence for

the additional counts has already been disclosed to the Defendant through former counsel. The United States did not pursue the superseding indictment until it became clear that plea negotiations had broken down. A decision, and strategy, the Supreme Court has long upheld. See United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001); citing Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).

Therefore, there is no basis to prevent the United States from pursuing the superseding indictment against the Defendant. It adds additional charges which had been discussed and corrects a clerical error on the original indictment. Thus, the Defendant's motion to stay his prosecution must be overruled.

### 3. The Defendant's motion related to grand jury empanelment must be denied as time barred or as an overbroad request.

The Defendant's third pending motion challenges the empanelment of the grand jury and seeks the disclosure of grand jury documents (DN 30). The Defendant cites to the Jury Selection and Service Act (JSSA) under 28 U.S.C. § 1867 as grounds for his motion. It appears the Defendant is challenging the empanelment of the grand jury on his original indictment since he "was not present for the voir dire."[2]

First, a defendant has no absolute right to appear before a grand jury. United States v. Gardner, 516 F.2d 334 (7th Cir. 1975). And the burden of proof is on the Defendant to show the failure to comply with jury selection procedures. United States v. McDaniels, 370 F. Supp. 298 (E.D. La. 1973). Here, the Defendant makes a blanket claim of failure to comply with federal law in the empanelment of the grand jury because "I was not present at the voir dire of the jury per the

---

2 The United States believes this motion should also be denied as moot with the issuance of the superseding indictment.

matter above and therefore the grand jury was not lawfully selected." His objection is facially deficient and should be overruled as a matter of law. <u>Gardner</u>, 516 F.2d 334; <u>cf.</u> <u>United States v. Ciambrone</u>, 601 F.2d 616 (2nd Cir. 1979).

Second, a valid claim under 28 U.S.C. § 1867 requires the Defendant to file a motion "within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefore...." <u>United States v. Ovalle</u>, 136 F.3d 1092, 1098 (6th Cir. 1998); <u>citing</u> 28 U.S.C. § 1867(a). "This timeliness requirement was provided to prevent dilatoriness and to ensure the rapid disposition of claims, particularly those that are spurious." <u>Id.</u>; <u>citing</u> <u>United States v. Bearden</u>, 659 F.2d 590, 595 (5th Cir.1981). "It is to be strictly construed, and failure to comply precisely with its terms forecloses a challenge under the Act." <u>Id.</u>

Here, the Defendant appeared on his original indictment in November 2025. He did not file the pending motion until March 2026. A full *four* months after the grand jury indicted him. It's absurd to believe that he only realized four months later that he was not part of the grand jury selection process. Making the Defendant's motion the type of "spurious" claim the act is designed to prevent. <u>See</u> <u>Ovalle</u>, 136 F.3d 1092, 1098. Therefore, the Defendant's motion must be denied as time-barred pursuant to 28 U.S.C. § 1867(a).

Finally, even if the Court were to grant the Defendant's motion it does not give him unfettered access to grand jury material. Federal courts have uniformly declined to allow unfettered access to all jury-related records. <u>United States v. Johnson</u>, 2022 WL 358433, at *4 (E.D. Ky. 2022) (collecting cases). Only those records "necessary for preparation of a motion" must be disclosed. <u>Id.</u>; <u>citing</u> 28 U.S.C. § 1867(f); <u>United States v. Davenport</u>, 824 F.2d 1511, 1515 (7th Cir. 1987); <u>United States v. Pritt</u>, 458 F. App'x 795, 800 (11th Cir. 2012). Considering

the vague nature of the Defendant's request, full access to all grand jury information is not appropriate.

## **CONCLUSION**

For these foregoing reasons the Court must deny the Defendant's motions (DNs 26, 29, 30).

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney

*/s/ Mark J. Yurchisin II*
Mark J. Yurchisin II
Assistant United States Attorney
241 E. Main St., Ste. 305
Bowling Green, KY 42101
Phone: (270) 781-4438
mark.yurchisin@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the Attorneys of Record. I further certify that a copy of the foregoing, along with a copy of the ECF notice, was mailed via U.S. Regular Mail, postage prepaid, to the following:

DeCarlo M. Cox
c/o Warren County Regional Jail
920 Kentucky Street
Bowling Green, KY 42101

*/s/ Mark J. Yurchisin II*
Mark J. Yurchisin II
Assistant United States Attorney

-8-